## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
## The Honorable Michael E. Romero

In re:                                           )
                                                 )   Case No. 10-34729 MER
CONTENT DISTRIBUTING, INC.,                      )
                                                 )   Chapter 7
     Debtor.                                   )
                                                 )
_____                )
                                                 )
JEANNE Y. JAGOW, TRUSTEE                          )   Adversary No. 10-1782 MER
                                                 )
                                                 )
     Plaintiff,                                )
                                                 )
v.                                               )
                                                 )
GEF SERVICES, LLC, et al.                         )
                                                 )
                                                 )   Signed/Docketed
     Defendants.                               )   May 22, 2013

### ORDER

THIS MATTER comes before the Court on the following motions filed by Falan Funding Corp., Danro Corporation, and Robert Alpert (collectively, the "Defendants"): 1) Motion to Bifurcate Issues Concerning Trustee's Claims One Through Five from Trustee's Claims Six Through Nine (Docket No. 305); 2) Motion for Entry of Order Staying Discovery on All Issues, Other Than Those Associated With the Value of the Debtor's Assets; and 3) Motion to Dismiss Portions of Plaintiff's Third Amended Complaint (Docket No. 307) filed with respect to the Third Amended Complaint's Sixth, Seventh, Eighth, and Ninth Claims for Relief (collectively, the "Motions") The Plaintiff filed a Combined Response (Docket No. 351), and the Defendants filed a Reply (Docket No. 339).

### JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(F) and (H), as it deals with the avoidance of preferences and the recovery of fraudulent transfers.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

On September 29, 2010, the Debtor filed its voluntary Chapter 7 petition. Jeanne Jagow ("Jagow") was appointed Chapter 7 Trustee.  Jagow filed the instant adversary proceeding on October 26, 2010, seeking recovery of preferential or fraudulent transfers under 11 U.S.C. §§ 547 and 548[1], and recovery of fraudulent transfers under state law. On that same date, the Court granted Jagow's motion for a temporary restraining order against the Defendants to prevent the sale of assets transferred prepetition.  On November 22, 2010, the Court converted the temporary restraining order to a preliminary injunction to remain in effect until the conclusion of the trial and the entry of a final order.

On August 6, 2012, Defendants Falan, Danro, and Alpert filed their Motions.  On September 6, 2012, Jagow filed a consolidated response to all three motions.  Thereafter, the Court held a hearing on pending discovery matters, Jagow's motion to stay discovery, the motion to bifurcate, and the motion to dismiss.  The Court ordered the Motion to Dismiss to be treated as a motion for summary judgment, and set it for oral argument in December, 2012. Following the hearing, the Plaintiff filed a Response specifically directed at the Motion to Dismiss.  Since the filing of the Adversary Proceeding, the parties have engaged in a seemingly endless procession of discovery disputes, including confusion regarding data stored on servers and controversy over Alpert's deposition.[2]

## THE MOTIONS

Jagow's initial Complaint alleged the assets pledged to GEF, as of June 11, 2010, had a combined depreciated value exceeding $7.4 million.  The Complaint contained the following claims for relief:  1) recovery of the transfers to GEF and Falan as fraudulent transfers pursuant to § 548(a); 2) recovery of the transfers as state law fraudulent transfers under § 544(b)(1) and COLO. REV. STAT. §§ 38-8-105 and 38-8-105 and; 3) recovery of the transfers to GEF as a preference under § 547(b); 4) recovery of the transfers from GEF and Falan as initial transferees, entities for whose benefit the transfers were made, or

---

[1]  Unless otherwise noted, all future statutory references in the text are to Title 11 of the United States Code.

[2]  See, e.g., Docket No. 375, Plaintiff's Notice of Deposition of Robert Alpert; Docket No. 376, Robert Alpert's Motion for Protective Order; Docket No. 375, Jagow's Response; Jagow's Response (#381); Docket No. 382, Falan Funding's Motion for Protective Order; Docket No. 383, Jagow's Response; Docket No. 380, Jagow's Status Report (#380); and Docket No. 388, the Defendants Response.  These matters are current set for hearing on May 29, 2013.

immediate or mediate transferees, pursuant to § 550; and 5) disallowance of any claims of GEF and Falan against the estate unless the transfers were recovered, pursuant to § 502(d).

The Second Amended Complaint adds as defendants Alpert individually, as well as John and Jane Does 1 through X, ABC Corporations 1 through X, and XYZ Partnerships 1 through X. The Second Amended Complaint alleges Alpert made misrepresentations to Scherer, and controlled the Debtor's operations and assets with the intent to deprive the Debtor of the assets and the revenue they generated.

According to the Second Amended Complaint, Falan removed most of the Debtor's furniture, computers, servers, and office equipment from the Debtor's Lakewood office building after July 7, 2010, and is storing the items in Arizona. Further, Jagow states Falan has asserted ownership of a generator worth $250,000 installed in the Lakewood office building. The Second Amended Complaint goes on to allege Alpert told Scherer he could no longer be part of the Debtor's business and would not receive an equity interest in a new company, as Scherer had been promised. According to Jagow, the Debtor's assets included approximately 100,000 CD-ROM discs, approximately 2000 of which have been sold at around one-quarter of their original selling price, and at least some of which were sold after the entry of the temporary restraining order and preliminary injunction.

The Second Amended Complaint also contains allegations about numerous legal actions pending against Alpert, asserting Alpert controls approximately eighty entities. Jagow contends Alpert and Falan did not have the financial resources to perform their agreements with the Debtor, and misrepresented their financial position to the Debtor and Scherer. In addition, she indicates Alpert has formed another entity, Learn Online Direct, Inc., which is engaged in the same business as the Debtor, and is using the Debtor's assets to build its own business.

In addition to the five claims for relief set forth in the original Complaint, the Second Amended Complaint contains the following claims for relief: 6) against Alpert and Falan for damages caused by their false representations, negligent misrepresentations, or fraud; 7) against Alpert and Falan for civil theft pursuant to COLO. REV. STAT. § 18-4-401; 8) against Alpert and Falan for fraud committed in inducing the Debtor and Scherer to enter into agreements with them; and 9) for declaratory judgment that Learn Online's assets are derived directly from the Debtor's assets and are, in fact, the Debtor's assets, entitling the estate to recover all revenues generated by Learn Online.

GEF filed an Answer to the Second Amended Complaint on April 5, 2011, and Alpert and Falan filed their Answer and Cross-Claim against GEF on April 27, 2011.  Alpert and Falan also filed a motion to dismiss the sixth, seventh, and eighth claims for relief.

The Third Amended Complaint adds as a defendant Danro Corporation ("Danro"), and asserts it is controlled by Alpert.  According to the Third Amended Complaint, on November 2, 2010, Danro bought from Falan the domain name videoprofessoronline.com without disclosing the transfer to the Court or to Jagow.  Further, after Falan acquired the Debtor's assets, Danro bought the name Learn Online Direct, and is conducting business through a website called learnonlinedirect.com, which directs visitors to videoprofessoronline.com, which in turn markets and sells Video Professor products.

The Third Amended Complaint states Alpert and Falan have formed an entity called Online Professor, Inc., which is also selling Video Professor products online.  The Third Amended Complaint amends the ninth claim for relief to request a finding that any revenues generated by both Learn Online and Online Professor are property of the estate and may be recovered by Jagow, and a finding that, to the extent any transfer of the Debtor's assets, including the transfer of the domain videoprofessoronline.com, occurred after the entry of the temporary restraining order on October 26, 2010, she is entitled to judgment finding Falan in contempt and an avoidance of such transfers.  GEF filed an Answer to the Third Amended Complaint on June 13, 2011, and Alpert and Falan filed their Answer and a cross-claim against GEF on June 16, 2011.

## THE POSITIONS OF THE PARTIES
## REGARDING THE MOTION TO DISMISS

As noted, Danro, Falan and Alpert seek the dismissal or bifurcation of the Third Amended Complaint's Sixth through Ninth claims for relief.  They state the transactions at issue in this case were heavily negotiated and documented, and the Debtor lost its assets because it could not repay its $1.6 million loan to its secured creditor (GEF).  GEF then had the right to take title to the Debtor's assets in satisfaction of its debt, as well as the right to transfer those assets to Falan, which it did pursuant to the parties' mutual agreements.  Moreover, the value of the Debtor's assets appears to be far less than the amount owed on GEF's $1.6 million loan.  Accordingly, the Defendants contend, there is little chance of Jagow prevailing on her claims asserting the Debtor parted with its assets for less than a reasonably equivalent value.  However, the Defendants maintain the question of value should be the focus of the proceeding, and seek to separate the value claims from the other claims, and to stay discovery not related to the value claims.

According to the Defendants, the Third Amended Complaint asserts meritless fraud, misrepresentation and civil theft claims against Falan and Alpert, and seeks improper declaratory relief to the effect that the assets of any "entities or associations owned or controlled by Alpert, including Danro, are, in fact, the Debtor's assets and are property of the estate." They argue Jagow's Sixth, Seventh, Eighth, and Ninth claims for relief fail to state claims for which relief can be granted, even if Jagow could show the standing necessary to bring them. Thus, these claims are subject to dismissal pursuant to FED.R.CIV.P. 12(b)(6).[3]

Specifically, the Defendants allege, notwithstanding the fact the Debtor's assets were fully encumbered almost two months before Alpert ever met Scherer, and the fact the Debtor could not repay its loan to GEF, Jagow characterizes the parties' transactions as a fraudulent scheme perpetrated by Alpert against Scherer. They contend the Court should not entertain claims based on an effort to enforce a non-binding, unsigned discussion memorandum, pointing out the document expressly states the plan was only "developing" and was "subject to clarification and refinement of details." The Defendants further allege that not only was the document unsigned, it is contradicted by the parties' ultimate signed agreements.

In addition, the Defendants assert Alpert did not commit fraud by failing to disclose to Scherer that he had been sued and a default judgment was entered against him for failing to pay legal fees, because such information was irrelevant to the transaction at issue. Jagow's other allegations of Falan's and Alpert's supposed fraud and misrepresentations also fail to support viable claims because none of them, even if proven, are material to the transaction at issue. On this basis the Defendants seek dismissal or judgment in their favor on the Sixth and Eighth Claim.

With respect to Jagow's Seventh Claim (Civil Theft), the Defendants maintain Falan acquired the Debtor's assets in a documented commercial transaction in which it paid valuable consideration to GEF, who previously had acquired those assets pursuant to its rights as a secured creditor. According to the Defendants, at most the Trustee believes GEF and Falan did not pay a fair price, but such a belief is not grounds for a theft claim. Moreover, there is no allegation the Debtor's assets have been transferred to Alpert personally, so there is no basis to assert Alpert, personally, stole the assets.

Lastly, the Defendants argue the Trustee's Ninth Claim (Declaratory Judgment that Learn Online's assets constitute the Debtor's assets) must fail

---

[3] This rule is made applicable to this proceeding by FED. R. BANKR. P. 7012(b).

because the Trustee has no basis to allege all of Alpert's and Danro's assets have somehow become assets of the estate.

In her Response, Jagow states she has been unable to conduct sufficient discovery to enable her to respond completely.  However, she states the Motion should be denied because of the presence of  genuine issues of material fact which preclude the entry of summary judgment.

Specifically, as to the Sixth Claim for Relief (Fraud, Fraudulent Misrepresentation and Negligent Misrepresentation), Jagow contends Alpert (and thus Falan) misrepresented himself, his education, and credentials, which raises at least an issue of fact for common law fraud or negligent misrepresentation. In addition, she states Scherer's testimony will show he relied on those misrepresentations and passed up other financing opportunities, incurring damages.  Further, Jagow maintains Alpert's actions in certain litigation in Arizona demonstrate Alpert's pattern of seeking out enterprises in financial difficulty and entering into transactions purporting to assist them, but really defrauding them.

Jagow also argues the amount of the damages is in dispute. She engaged an expert to value the debtor's assets at the time of the subject transfer but the expert cannot complete the valuation until it receives the debtor's business records, which are currently the subject of a discovery dispute.

Regarding the Seventh Claim for Relief (Civil Theft) and the Eighth Claim for Relief (Fraud in the Inducement), Jagow asserts the misrepresentations and disputes over discovery and damages identified as to the Sixth Claim preclude dismissal or summary judgment on the Seventh and Eighth Claims.

With respect to the Ninth Claim for Relief (Declaratory Judgment that Learn Online's assets constitute the Debtor's assets), Jagow states additional discovery is needed.  Until such discovery is obtained, genuine issues of material fact remain as to whether Falan Funding made post-petition transfers of the property it obtained from the Debtor in violation of this Court's preliminary injunction.

In their Reply, the Defendants state Jagow has failed to meet the requirements to oppose summary judgment set forth in FED. R. CIV. P. 56(d). They point out Jagow could obtain the information she seeks from Scherer, the Debtor's former principal, but has not done so.  They dispute whether any contention statements by Alpert regarding his background or possible strategies for the Debtor constitute material facts.  They argue any such statements or omissions are irrelevant and could not have been relied upon by the Debtor.

The Defendants state the assets Falan purchased were seriously "under water" and the Debtor would never have recovered any value from them.

## DISCUSSION

FED. R. CIV. P. 12(b) states: "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ."[4]  Because matters outside the pleadings have been presented, the Court has determined the Motion will be treated as a motion for summary judgment.[5]

Summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[6]  The burden for establishing entitlement to summary judgment rests on the movant.[7]  Summary judgment is not appropriate where a dispute exists as to facts which could affect the outcome of the suit under relevant law.[8]  A genuine dispute over a material fact exists when the "evidence supporting the claimed factual dispute [is] shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."[9]  When reviewing motions for summary judgment, the Court must view the record in the light most favorable to the non-moving party.[10]  Summary judgment is a drastic remedy and "should be applied with caution to the end that litigants will have a trial on bona fide factual disputes.  No margin exists for the disposition of factual issues.  If there

---

[4] FED. R. CIV. P. 12(b) is made applicable to this proceeding by FED. R. BANKR. P. 7012(b).  In addition, FED. R. CIV. P. 56 is made applicable to this proceeding by FED. R. BANKR. P. 7056.

[5] See Court's ruling at Docket No. 341.

[6] FED. R. CIV. P. 56;  Celotex Corp. v. Cattrett, 477 U.S. 317, 322 (1986).

[7] Celotex, 477 U.S. at 323.

[8] Carey v. U.S. Postal Service, 812 F.2d 621, 623 (10th Cir. 1987).

[9] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-289 (1968)).

[10] Gray v. Phillips Petroleum Co., 858 F.2d 610, 613 (10th Cir. 1988).

is any issue as to a material fact dispositive of right or duty, the case is not ripe for summary judgment."[11]

The claims in the Third Amended Complaint involve issues of the parties' states of mind, the value of the assets in question, and assertions of misrepresentation and malfeasance.  The Court finds it is inappropriate to grant the Defendants' Motions because the discovery in this case has not progressed to a point where it is possible to determine whether or not material issues of fact exist.  Therefore, any summary disposition, bifurcation, or stay of discovery is inappropriate.

The problem with this case is, and remains, the parties' seeming inability to cooperate in the slightest way to achieve completion of discovery.  Instead, the proceeding has devolved into unprofessional behavior by both sides.  The Court will determine how best to break this "log jam" around discovery at the hearing currently scheduled for May 29, 2013, allowing the action to proceed to resolution, whether by dispositive motion or trial.

For the above reasons,

IT IS ORDERED the Defendants' Motions, Docket Nos. 305, 306, and 307, are hereby DENIED.

Dated May 22, 2013                                       BY THE COURT:

                                                        Michael E. Romero
                                                        United States Bankruptcy Judge

---

[11] *Jones v. Nelson*, 484 F.2d 1165, 1168 (10th Cir. 1973) (citations omitted).